IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWN TIMOTHY KINSER,

            Plaintiff,

v.                          //    CIVIL ACTION NO. 1:16CV8
                                  (Judge Keeley)

KAREN PSZCZOLKOWSKI, Warden;
JOANIE HILL, Associate Warden of
Operations; AMANDA SABTINO, Wexford
Health Sources, Inc. Nurse; KRISTI
MUSILLI, Nurse Practitioner; SHERRI
JOHNSON, M.D.; THOMAS SCHMITT,
M.D.; JAMIE LEE, Medical Administrator;
KELLY STRICKLAND, Aramark Supervisor;
JIM RUBENSTEIN, Commissioner of
West Virginia Division of Corrections;
and JOSEPH THORNTON, Cabinet Secretary
of Department of Military Affairs and
Public Safety,

            DEFENDANTS.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 73]

Pending before the Court is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that the Court grant the defendants' pending motions to dismiss the amended complaint filed by the plaintiff, Shawn Timothy Kinser ("Kinser"). For the reasons that follow, the Court **ADOPTS** the R&R in its entirety (dkt. no. 73), **OVERRULES** Kinser's objections (dkt. no. 75), **GRANTS** the defendants' motions to dismiss (dkt. nos. 34, 49, and 59), and **DISMISSES** Kinser's amended complaint **WITH PREJUDICE**.

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 73]

### I. BACKGROUND

Magistrate Judge Seibert's R&R provides an exhaustive and detailed account of both the factual and procedural history of this case. Consequently, the Court need not repeat that background here and will focus instead on Kinser's objections to the findings in the R&R.

### II. STANDARD OF REVIEW

**A.    Review of the R&R**

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson v. As true, 605 F. Supp.2d 744, 749 (S.D.W.Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

review" waives the claimants right to a de novo review. Id. (citing

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise,

"general and conclusory" objections to the magistrate's R&R do not

warrant a de novo review by the District Court. Id. (citing

Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v.

Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009). Indeed, failure to

file specific objections waives appellate review of both factual

and legal questions. See United States v. Schronce, 727 F.2d 91, 94

& n. 4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d

656, 659 (10th Cir. 1991).

## B.   Motion to Dismiss

In reviewing the sufficiency of a complaint, a district court

"'must accept as true all of the factual allegations contained in

the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th

Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

However, while a complaint does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than mere labels and

conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). Indeed, courts "are not bound to accept as true a legal

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478

U.S. 265, 286 (1986). In considering whether the facts alleged are

sufficient, "a complaint must contain 'enough facts to state a

claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d

at 188 (quoting <u>Twombly</u>, 550 U.S. at 547).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency

of a complaint; importantly, it does not resolve contests

surrounding the facts, the merits of a claim, or the applicability

of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952

(4th Cir. 1992). "But in the relatively rare circumstances where

facts sufficient to rule on an affirmative defense are alleged in

the complaint, the defense may be reached by a motion to dismiss

filed under Rule 12(b)(6)," so long as "all facts necessary to the

affirmative defense 'clearly appear[] on the face of the

complaint.'" <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir.

2007) (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4

F.3d 244, 250 (4th Cir. 1993)).

Ordinarily, a court may not consider any documents that are

outside of the complaint, or not expressly incorporated therein,

unless the motion is converted into one for summary judgment.

<u>Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 267

F.3d 30 (1st Cir. 2001)(cited with approval in <u>Witthohn v. Federal</u>

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There

are, however, exceptions to that rule. Specifically, a court may

consider official public records, "documents incorporated into the

complaint by reference, and matters of which the court may take

judicial notice," or sources "whose accuracy cannot reasonably be

questioned." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462 (4th

Cir. 2011).

### III. DISCUSSION

Kinser raises three objections to the R&R. He first objects

that the R&R mistakenly concluded that he failed to exhaust his

administrative remedies as to the actions allegedly taken by

defendant Kelly Strickland ("Strickland"). Next, Kinser objects to

Magistrate Judge Seibert's determination that his soy allergy was

self-diagnosed. In his third and final objection, he argues that

the R&R's conclusion that there was no supervisory liability in

this case was mistaken because defendants Joanie Hill, Karen

Pszczolkowski, and Jim Rubenstein (collectively "Correctional

Defendants") "failed to act when the law required them to." For the

reasons that follow, the Court **OVERRULES** each of Kinser's

objections.

### A.    Kinser Failed to Exhaust his Administrative Remedies

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 73]

The R&R concluded that Kinser failed to exhaust his administrative remedies as to his claim against Strickland. It noted that Kinser "never filed any grievance naming her or alleging any action or inaction on her part," nor had he "alleged that any action or inaction on Strickland's part was to blame."

Kinser's objection is largely a tutorial on the grievance system utilized by the West Virginia Department of Corrections ("WVDOC"), together with his own notions about its inadequacy. Dkt. No. 75 at 2-7. Nonetheless, he cannot and does not dispute the conclusion in the R&R that he failed to name Strickland in any of his grievances, and never alleged that any of her actions or inactions were to blame for his injuries. Kinser maintains that he could not have possibly named her in his grievance dated August 25, 2015, because it was only on September 15, 2015, after speaking with "NP Kristi," that he became aware that it was actually Strickland who had altered his food trays." Id. at 5; see also Dkt. No. 27 at 10.

Blaming what he deems to be a faulty grievance system, Kisner claims that once his original grievance was filed he could not amend it to add Strickland's name and alleged actions, nor could he alter the grievance upon appeal to the next level within the WVDOC. See Dkt. No. 75 at 3, 5. He presupposes that, had he filed another

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

grievance covering the same events that took place on August 25, 2015, it would have been denied as repetitive. Id. at 5.

This argument lacks merit. Even assuming his claims are true, nothing prevented Kisner from filing a new grievance on any of the dates on which he contends he was denied his soy-free food tray, including multiple dates subsequent to identifying Strickland as the person who allegedly altered those food trays. This is further evidenced by the undisputed fact that, on October 11, 2015, nearly a month after learning about Strickland and her role, Kinser filed a grievance containing complaints virtually identical to those in his August 25, 2015, grievance, none of which mention Strickland. Dkt. No. 27-2 at 2-3.[1]

Thus, despite multiple opportunities, Kinser failed to exhaust his administrative remedies as to Strickland because he never named her in any of his grievances. The law is clear that such exhaustion is a prerequisite to filing suit. 42 U.S.C. § 1997(e)(a); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) (noting that § 1997(e)(2)'s exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general

---

[1] Notably, Kinser attached to his grievance a tightly condensed, full page hand written letter detailing his complaints, yet nowhere does it so much as mention Strickland.

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

circumstances or particular episodes"). Finally, any argument
regarding the futility exception to the exhaustion requirement was
clearly addressed in the R&R, which concluded that none of the
facts Kisner presented excused his failure to exhaust. See Dkt. No.
73 at 40-41 (collecting cases establishing reasons supporting
futility exception and finding that none apply here). Kinser's
objection adds nothing that would alter the R&R's sound reasoning
on this issue. Accordingly, the Court concludes that Kinser failed
to exhaust his administrative remedies as to Strickland and
**OVERRULES** his objection.

### B.    Kinser's Soy Allergy was Self-Diagnosed

Kinser next objects to Magistrate Seibert's finding that his
soy allergy was self diagnosed. The R&R explained that, in order to
sustain a claim under the Eighth Amendment for ineffective medical
care, Kinser is required to establish that the defendants acted
with deliberate indifference to his serious medical needs. Estelle
v. Gamble, 429 U.S. 97, 104 (1976). A serious medical condition is
defined as "one that has been diagnosed by a physician as mandating
treatment or that is so obvious that even a lay person would
recognize the need for a doctor's attention." Gaudreault v.
Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990)

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

(emphasis added) (citing <u>Monmouth Cty. Correctional Institutional</u>

<u>Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3rd Cir. 1987)).

After reviewing the amended complaint and the attached
records, Magistrate Judge Seibert concluded that Kinser had not
received the necessary diagnosis from a physician mandating
treatment, but instead had self diagnosed his allergy to soy. The
R&R specifically noted that the entirety of Kisner's self diagnosis
was based on a suggestion by an unnamed, and presumptively
untrained, fellow inmate, together with Kinser's own untrained
observations.[2] Based on this, the R&R concluded that Kinser could
not establish his Eighth Amendment claim of deliberate
indifference.

Kinser has offered no evidence to contradict Magistrate
Seibert's characterization that his soy allergy is self diagnosed.
There is no allegation that he was seen and diagnosed by a doctor,
let alone an allergist. Nor does Kisner allege that he has ever
been tested in any way regarding his alleged allergy to soy. The

---

[2] Interestingly, Kinser often requested a "renal diet tray." Although
a renal diet may be free from processed food and any soy contained
therein, it is not necessarily free of soy on the whole. <u>See, e.g.</u>,
http://www.mayoclinic.org/diseases-conditions/chronic-kidney-
disease/expert-answers/renal-diet/faq-20058205 (noting that a renal
diet may utilize soy as a source of protein).

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 73]

lone allegation on which he supports his objection is that, upon

his transfer to the Northern Correctional Facility ("NCF"), the

Wexford medical personnel made an "experienced diagnosis . . .

after a proper evaluation." Dkt. No. 75 at 8.

Notably, Kisner's amended complaint mentions nothing about a

"proper evaluation." That factual allegation only appears in his

response to the motion to dismiss and therefore is not properly

before the Court. What his amended complaint does allege is that

the Wexford personnel "were given proper documentation to prove

Plaintiff's allergy to soy." He cites as "supporting facts"

Exhibits C and D to his amended complaint, which are Wexford's

medical records from the time he arrived at the NCF. A review of

those medical records, however, does not establish that any form of

medical examination occurred beyond a basic intake evaluation, such

as height, weight, and blood pressure. There is no indication that

this intake evaluation was performed by a physician, that it

entailed any form of allergy evaluation, or that any allergy

testing was performed on Kinser. Indeed, Exhibit C simply notes the

allergies that Kinser reported to the Wexford personnel, and

Exhibit D makes no mention of any confirming evaluation or

examination having been done, or of any prior medical diagnosis by

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 73]**

a physician.[3] Finally, Kinser clearly admits in his objections that he has never been tested for food allergies. See Dkt. No. 75 at 7.

A review of the entirety of the record confirms that there is no allegation or evidence that Kinser has ever been diagnosed by a physician as having a soy allergy. Instead, what the record does establish is that, based solely on a suggestion by another inmate, Kisner assumed that he did have a soy allergy. He then presented this "known allergy" as a fact to future medical personnel. The record establishes, however, that no medical personnel, and more particularly, no physician, ever independently diagnosed a soy allergy based on objective testing or examination. Consequently, the Court **OVERRULES** this objection.

**C.   The Correctional Defendants are not Liable Under § 1983**

Kinser's final objection is to the R&R's conclusion that the Correctional Defendants were not liable for his § 1983 claim under any theory of respondeat superior.[4] See Monell v. Dept. of Social Svcs., 436 U.S. 658 (1978). As the Court has already determined,

---

[3]In point of fact, Kinser's later grievance, filed on November 10, 2015, seeks a screening for his alleged soy allergy further belies his contention that there were already medical records confirming such.

[4]Kinser concedes that defendant, Joseph Thornton, should be dismissed from this action but requests that the remaining Correctional Defendants remain.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 73]**

there was no Eighth Amendment deliberate indifference violation here because no serious medical condition had been diagnosed by a physician. Consequently, there can be no supervisory liability.

Nonetheless, Kinser attempts to argue that the Correctional Defendants were aware of the constitutional violations and failed to act. His objection, however, is merely a complete reiteration of the arguments previously presented, which Magistrate Judge Seibert heard and rejected in the R&R. He fails to point to a specific error in the magistrate judge's reasoning, and instead merely rehashes his allegations in a general and conclusory objection to the R&R's overall rejection of his arguments on this issue.[5] As such, the Court need not conduct a de novo review of this objection. See McPherson, 605 F. Supp.2d at 749 (failing to raise "any specific error of the magistrate's review" waives the claimant's right to a de novo review) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). Thus, the Court's review is for clear error only. Finding none, it **OVERRULES** Kinser's objection on this issue.

### IV. CONCLUSION

---

[5]To the extent that Kinser makes any additional allegations in his objections, which essentially elaborate on the same arguments, they are not part of his complaint.

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 73]

Having overruled Kinser's objections, and after a clear error review of the remaining portions of the R&R to which he has not objected, the Court finds that the R&R is thorough, well reasoned, and free of any clear error. Accordingly, it:

1) **ADOPTS** the R&R in its entirety (dkt. no. 73);

2) **OVERRULES** Kinser's objections (dkt. no. 75);

3) **GRANTS** the defendants' motions to dismiss (dkt. nos. 34, 49, and 59); and

4) **DISMISSES** the amended complaint **WITH PREJUDICE** and **ORDERS** this case stricken from the Court's active docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: March 10, 2017

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE